IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

```
IN RE                              )
                                   )
SUSAN C. WELLS,                    ) CASE NO. 08-80206-H3-13
                                   )
     Debtor                        )
                                   )
                                   )
_____
BEST INSURANCE SERVICES, INC.,     ) ADVERSARY NO. 08-3255
                                   )
     Plaintiff                     )
                                   )
versus                             )
                                   )
SUSAN C. WELLS,                    )
                                   )
     Defendant                     )
```

MEMORANDUM OPINION

The court has considered the "Motion of Best Insurance Services, Inc. For Mandatory or Discretionary Abstention" (Docket No. 12) and after considering the Debtor's Response (Docket No. 14) filed by Susan C. Wells, Defendant, the docket sheet, pleadings, and entire file in the above captioned matter, the court makes the following findings of fact and conclusions of law granting the motion in part. To the extent any findings of fact are construed to be conclusions of law, they are adopted as such. To the extent any conclusions of law are construed to be findings of fact, they are adopted as such.

This court has subject matter jurisdiction. The above captioned adversary proceeding is a core proceeding that will have

an effect on the estate.  11 U.S.C. § 1334; *Wood v. Wood (In the Matter of Wood)*, 825 F.2d 90 (5th Cir. 1987); *FDIC v. Majestic Energy Corp. (In re Majestic Energy Corp.)*, 835 F.2d 87 (5th Cir. 1988).

The claims of Best Insurance Services, Inc. (Best) are currently the subject matter of a lawsuit styled "Best Insurance Services, Inc. v. Susan Wells," Case No. 08-H-0114-C, in the 23rd Judicial District Court of Matagorda County, Texas.  On February 27, 2008 Best filed suit against Susan C. Wells, Debtor, alleging breach of contract, fraud in the inducement, common law fraud, negligence and negligent misrepresentation in connection with a purchase and sale agreement between Best and Debtor whereby Debtor contracted to sell her insurance business, Nalley Insurance Company, to Best.  Debtor filed an Answer and Counterclaim in the state court proceeding denying Best's allegations and seeking to collect on the promissory note executed by Best in favor of Debtor in connection with the purchase and sale agreement.

On July 17, 2008, Debtor filed a voluntary Chapter 13 bankruptcy proceeding. Main Case No. 08-80206-H3-13.  On September 5, 2008, this court lifted the automatic stay to allow the state court proceeding to continue and to allow Best to liquidate its claim against Debtor.  This court prohibited Best from taking any action to execute on any judgment it may obtain, without further order from this court.  Main Case No. 08-80206-H3-13, Docket Nos.

59 and 60.  Trial of the state court proceeding is scheduled for February 2009.

On July 17, 2008, Best filed the above captioned adversary proceeding requesting that the court determine that the obligations of Debtor to Best, which are currently unliquidated and are to be assessed by the state court, be declared non-dischargeable.  Debtor filed an Answer and Counterclaim (Docket No. 7) which is essentially the same as that filed in the pending state court proceeding.  Best requests that the court abstain from hearing the counterclaim on the basis that it is founded solely on state law.

Debtor opposes abstention on the counterclaim on the basis that it involves property of the estate, the collection of which will be used to fund the majority of the Debtor's plan.  Debtor further claims that this court will be required to re-try essentially the same issues as the state court.

Courts have broad discretion to abstain from or suspend all proceedings in a particular case arising under title 11 or arising in or related to a case under title 11 whenever appropriate in the interests of justice or in the interest of comity with State courts or respect for State law.  Permissive abstention under section 1334(c)(1) is applicable to core proceedings as well as non-core proceedings.  See *In re Underwood*, 299 B.R. 471 (Bankr. S.D. Ohio 2003); *Gober v. Terra Corp. (In the Matter of Gober),* 100

F.3d 1195 (5th Cir. 1996); *In re Republic Reader's Service*, 81 B.R. 422 (Bankr. S.D.Tex.1987). *See Sandersville Prod. Credit Ass'n v. Douthit (In re Douthit),* 47 B.R. 428 (M.D. Ga. 1985); *Maryland Nat'l Indus. Fin. Corp. v. Gold Dust Coal Co.,* 49 B.R. 288 (Bankr. N.D. Ill. 1985).

Permissive abstention under 28 U.S.C. § 1334(c)(1) may be raised by the court *sua sponte*, and bankruptcy courts have jurisdiction to initially evaluate the grounds for abstention in accordance with Fed.R. Bankr. P. 5011(b). *Gober*, 100 F.3d at 1207; *Baird v. Baird,* 428 U.S. 132 (1976); *In re Richmond Tank Car Co.,* 119 B.R. 124, 125 (S.D.Tex. 1989).

Permissive abstention is not jurisdictional or dispositive of the merits of the dispute. It is determined by an analysis of the issues of whether it would be in the interest of justice, or in the interest of comity with State courts or respect for State law for the federal court to abstain. The elements the court considers are: the effect on efficient administration of the estate; the extent to which state law issues predominate over bankruptcy issues; the difficulty or unsettled nature of the applicable state law; presence of related proceeding commenced in state court or other nonbankruptcy court; the jurisdictional basis; the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; substance versus form of an asserted "core" proceeding; the feasibility of severing state law claims from core

bankruptcy matters to allow state court judgments; the burden on the bankruptcy court's docket; the likelihood that the commencement in bankruptcy court involves forum shopping; the existence of a right to jury trial; and presence in the proceeding of non-debtor parties. *See In re Republic Reader's Service*, 81 B.R. 422 (Bankr. S.D. Tex.1987); *In re Richmond Tank Car v. CTC Investments*, 199 B.R. 124, 126 (Bankr. S.D. Tex. 1987).

The issues raised in this adversary proceeding not only involve a declaration of dischargeability of a certain debt, but also encompass a determination of liability between Plaintiff and Defendant. The determination of the parties' rights and remedies in connection with the purchase and sale agreement has not yet been determined by the state court. The determination of the issues raised in the state court proceeding may obviate the need for this court to make any findings as to dischargeability. Resolution of the state court proceeding will also determine whether Debtor is entitled to collect on the promissory note pursuant to the laws of Texas governing breach of contract, fraud, and negligence. The "debt" which is subject to the dischargeability complaint has not yet been liquidated. The amount of the debt involves questions of state law, which a state court is especially well qualified to address.

Assets that are determined to be Debtor's are subject to the administration of this Chapter 13 estate. Further,

confirmation of the Debtor's proposed plan has been abated pending the determination by the state court.  Main Case No. 08-80206-H3-13, Docket Nos. 75 and 76.  Judicial efficiency and comity will be served by allowing the state court to continue with this suit until resolution.

Pursuant to 28 U.S.C. § 1334, this court grants the Plaintiff's motion in part and abstains from the liability phase of this adversary proceeding and directs that it be heard in state court.  Further, this adversary proceeding and the determination of dischargeability will be abated until after resolution of the state court proceeding.

Signed at Houston, Texas on this 28th day of January, 2009.

LETITIA Z. CLARK
UNITED STATES BANKRUPTCY JUDGE